UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. JURACEK and
INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, &
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW),

 Plaintiffs,

v.

Civil Action No. 13-CV-10190
Honorable Denise Page Hood

CITY OF DETROIT, CITY OF DETROIT
POLICE DEPARTMENT and COBO
CENTER, Operated by DETROIT REGIONAL
CONVENTION FACILITY AUTHORITY,

 Defendants.
_____/

## ORDER DENYING DEFENDANT COBO CENTER'S MOTION FOR RECONSIDERATION AND/OR TO DISSOLVE THE TEMPORARY RESTRAINING ORDER

 On January 17, 2013, Plaintiffs filed a Motion for Temporary Restraining Order asking the Court to enjoin Defendants from violating their First Amendment Free Speech. Plaintiffs were standing on the west side of Washington Boulevard, a sidewalk adjacent to the Cobo Center, displaying signs protesting an Auto Show participant. On January 18, 2013, the Court granted Plaintiffs' Motion for Temporary Restraining Order and enjoined Defendants from precluding Plaintiffs from protesting on the sidewalk adjacent to the Cobo Center. Defendant Cobo Center filed this Motion for Reconsideration and/or to Dissolve the Temporary Restraining Order on January 18, 2013. The Court declines ordering a response or oral argument on this matter pursuant to Local Rule 7.1(h)(2). For the reasons stated below, Defendant Cobo Center's Motion for Reconsideration is DENIED.

Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration within 14 days after entry of judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3). Defendant Cobo Center's motion is timely.

As an initial matter, Defendant Cobo Center takes issue with the Court's language that a response was not forthcoming. Defendant Cobo Center asserts that it had every intention of filing a response by 2:00 p.m. Unfortunately, the Court is unable to decipher the uncommunicated intent of Defendant Cobo Center. Court staff instructed Plaintiffs' counsel to inform the parties that a response was needed on January 17, 2013. One counsel for the defense informed the Court that a response was not forthcoming. Defendant Cobo Center did not request more time or give the Court any notice of its intention to file a response by 2:00 p.m. The Court was unaware of Defendant Cobo Center's intent until the filing of the present motion for reconsideration.

Pursuant to the Detroit Regional Convention Facility Authority's (DRCFA) Picketing, Leafleting, and Demonstration Ordinance, Defendant Cobo Center asserts that Plaintiffs are required to obtain a license. Defendant Cobo Center contends that this Court has enjoined Cobo Center from enforcing it demonstration ordinance. However, in Plaintiffs' Verified Complaint, filed January 17,

2013, Plaintiffs assert that they met with the Auto Show's Chief of Security and Cobo Center's Manager of Public Safety. Plaintiffs were told that activities outside of Cobo Center were not their concern. Cobo Center did not require Plaintiffs' to secure a license. (Verified Compl. ¶15)

Furthermore, Defendants' motion does not rebut the factual allegations made in Plaintiffs' Verified Complaint. Defendants have not provided an affidavit. Exhibit B of the Verified Complaint appears to show that the sidewalk space at issue is actually a public sidewalk. In response, Defendants provide the Court with a unclear photograph of Cobo Center's rooftop from Google Maps. This does nothing to rebut Plaintiffs' assertion that the sidewalk is a public space nor does it make any demarcation as to whether the sidewalk space is public or not. Defendants do not provide an affidavit averring that Plaintiffs were required to file a license. It appears based on Plaintiffs' Verified Complaint and Exhibits that the portion of the sidewalk where they are displaying signs is not Cobo Center property. Defendants have not shown that this part of their private property is in fact a nonpublic forum. Defendants have failed to show that Plaintiffs' First Amendment rights are not irreparably injured by Defendants' action.

Accordingly,

**IT IS ORDERED** that Defendant Cobo Center's Motion for Reconsideration [Docket No. 12, filed January 18, 2013] is **DENIED**.

**IT IS SO ORDERED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: January 18, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager