**UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT**
**SOUTHERN DIVISION**

JAMES A. JURACEK and
INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, &
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW),

        Plaintiffs,

v.

        Case No. 13-CV-10190
        Hon. Denise Page Hood

CITY OF DETROIT, CITY OF DETROIT
POLICE DEPARTMENT and COBO
CENTER, Operated by DETROIT REGIONAL
CONVENTION FACILITY AUTHORITY,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY IN PART AND DENYING IN PART**

On January 27, 2014, Plaintiffs James Juracek and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") filed a Motion for Summary Judgment. **[Docket No. 56]** Plaintiffs allege that the Defendants are liable under 42 U.S.C. § 1983 for attempting to violate Plaintiffs' First Amendment right to Freedom of Speech by prohibiting Plaintiffs from displaying their signs on the sidewalk on the west side of Washington Boulevard adjacent to the Cobo Center during both the 2013 and the

2014 Auto Show. Defendant Cobo Center filed a Response[1] to this Motion on February 17, 2014, **[Docket No. 58]** and Plaintiffs filed a reply on March 6, 2014. **[Docket No. 60]** For the reasons stated below, Plaintiffs' Motion for Summary Judgment is **GRANTED**, in part, and **DENIED**, in part.

I.  BACKGROUND

Nissan North America, Inc. ("Nissan") operates an automobile assembly plant in Canton, Mississippi. Workers at the Canton plant have sought an agreement with Nissan on an election process where the workers can vote on whether to form a union. The UAW has assisted with these efforts. Various community groups in Mississippi have also joined the efforts.

Juracek, an UAW representative, was responsible for coordinating public activities at the 2013 North American International Auto Show (the "Auto Show"). The Auto Show is a yearly automobile exhibition show held at Cobo Center. Cobo Center is located at 1 Washington Boulevard in Detroit, Michigan, and is operated by the Detroit Regional Convention Facility. On January 7, 2013,

---

[1] Defendant Cobo Center's Response is captioned "Brief in Support of Defendant Cobo Center, Operated by Detroit Regional Convention Facility Authority's Response in Opposition to Plaintiffs' Motion for Summary Judgment and ***Cobo Center's Counter Motion for Summary Judgment.***" Rule 5(e) of the Eastern District of Michigan's Electronic Filing Policies and Procedures states in part that "a response or reply to a motion must not be combined with a counter-motion." The rule further provides that "[p]apers filed in violation of this rule will be stricken." The Court will not address this Motion as it has not complied with the local rules.

2

Juracek and another UAW member met with Auto Show Chief of Security Carl Berry and Cobo Center's Manager of Public Safety and Security Bruce Smith. During that meeting, Juracek informed Berry that UAW members intended to display signs in ftlinerelation to the dispute with Nissan at the 2013 Auto Show. Berry indicated that signs could not be displayed inside Cobo Center, but displaying signs outside of Cobo Center was not his concern.

On January 14, 2013, Juracek and 15 others displayed signs at various points on the sidewalks adjacent to the Cobo Center, on the west side of Washington Boulevard. The signs were held by hand and displayed at chest level and those holding signs stood still. The signs were approximately 26 inches wide and 40 inches high and displayed the name and photograph of an employee at the Nissan facility in Canton, Mississippi with the words "Nissan Technician, Mississippi, Threatened by Nissan."

Shortly after Juracek and others began displaying the signs, Detroit Police Department officers told Juracek that the signs could not be displayed on the west side of Washington Boulevard because Cobo Center had advised them that its property extended to the edges of the streets surrounding the Center. The officers informed the group that they had to move to the east side of Washington Boulevard if they wanted to continue displaying their signs. The group complied.

Cobo Center Regional Vice President and General Manager Thom Connors called Juracek later that day (January 14, 2013), and they scheduled a meeting to be held on January 15, 2013, at the Cobo Center. Connors, Smith, and Berry, other Cobo Center representatives, and two Detroit Police Officers, including Lt. U. Renee Hall, met with Juracek. During this meeting, Connors indicated that the sidewalk space on the west of Washington Boulevard was Cobo Center property and signs could not be displayed there. Connors provided a property survey, which showed that the sidewalk space on the west of Washington Boulevard was in fact east of Cobo Center and a public sidewalk. Lt. Hall noted that the display of signs presented a safety concern, though he and the others in attendance failed to cite any authority for his conclusion. In their Complaint, Plaintiffs allege a violation of their first amendment rights by Defendants' prohibition of distributing leaflets and displaying placards on the public sidewalk (Count I) and a violation of their first amendment rights by Defendants' prohibition of distributing leaflets and displaying placards on the Cobo Center plazas and sidewalks (Count II).

It is apparent that all parties agree that the sidewalk on the west side of Washington Boulevard adjacent to the Cobo Center is a "public forum," therefore, by its nature, granting Plaintiffs freedom to exercise their First Amendment rights. It is also apparent that the parties have differing views on the exterior public plazas and sidewalks between the City sidewalk and the Cobo Center building stairways

leading up to the entry door. The Court will address only the contested areas for purposes of this motion for summary judgment. The Court notes that the ordinance Defendants rely on states:

> Any and all Demonstration Activities must be conducted outside of the Cobo Center on public property so as not to obstruct or interfere with traffic flow, entrances, exits, access to Cobo Center for the Authority, its employees, agents, permittees, licensees, vendors, contractors, Cobo Center security, law enforcement, fire department representatives, or any other invitees of the Authority (the "Authority's Invitees") or cause or create safety issues or concerns, unless otherwise specifically authorized in writing by the Authority.

**[Def. Ex. K].** Demonstration Activities are defined as "any or all of picketing, leafleting, and/or demonstrations." **[Def. Ex. K]**

On January 18, 2013, this Court entered an Order Granting Plaintiffs' Motion for Temporary Restraining Order **[Docket No. 11]**, enjoining Defendants "from prohibiting Plaintiffs from displaying placards on the west side of Washington Boulevard" for fourteen days following entry of the Order. On January 23, 2014, Plaintiffs filed a second Motion for Temporary Restraining Order moving this Court to "enjoin[] Defendants from prohibiting Plaintiffs from holding placards on the sidewalk on the west side of Washington Boulevard in the City of Detroit, Michigan adjacent to the Cobo Center; and on the plazas and sidewalks between the City sidewalks and the Cobo Center building during the

2014 North American International Auto Show." **[Docket No. 34. Pg ID 225]** On January 10, 2014, this Court entered an Order granting Plaintiffs' Motion. **[Docket No. 48]** Defendants filed an appeal with the United States Court of Appeals for the Sixth Circuit which entered an Order on January 16, 2014. **[Docket No. 55]** In this Order, the Court of Appeals granted, in part, Defendants' appeal, determining to stay "the provision of the TRO enjoining the defendants from prohibiting the plaintiffs from holding placards and leafleting on the 'front porch,' plaza areas, and staircases leading to the entry doors of the Cobo Center Building" and leave in effect this Court's determination as to the "median" area and the public sidewalk on the west side of Washington Boulevard from Jefferson Avenue to Congress Avenue. **[Id.]**

**II.    ANALYSIS**

In their Motion for Summary Judgment, Plaintiffs argue that they are exercising rights protected by the First Amendment. Plaintiffs contend that "Cobo Center's prohibition on Plaintiffs holding placards on the City of Detroit's public sidewalks and Cobo Center's public exterior sidewalks and plazas violates their constitutional rights" because the spaces are "traditional public forums" that are "held in trust for the use of the public" for the purposes of "communicating thoughts between citizens, and discussing public questions." **[Docket No. 56. Pg ID 661]** Plaintiffs claim that Defendant Cobo Center's restriction on the use of the

space does not meet the standard required for content-based limitations because the restrictions do not "pass strict scrutiny" as Defendant Cobo Center has failed to "demonstrate that [the] regulation is the least restrictive means of achieving a compelling government interest." **[Id. at 662]**

As to the language of the restriction itself, Plaintiffs assert that the Picketing, Leafletting and Demonstration Ordinance "prohibits all demonstration activities, including leafletting, the display of signs, bills and pamphlets, picketing and/or any other means of articulating a cause" and "designates the entire Cobo Center, including the exterior sidewalks and plazas as a non-public forum, and states 'no picketing, leafletting and/or demonstrations are permitted in the Cobo Center by the general public' and 'any and all Demonstration Activities in Cobo Center require a written license or permit (License) issued by the Authority.'" **[Id. at 670-71]** Plaintiffs argue that Defendant Cobo Center's "unfettered control . . . to determine whether demonstration activities can occur on Cobo" and the fact that the Authority, "in its sole discretion, may deny a license to individuals or groups seeking to engage in demonstration activities because the Authority's contractors, customers or clients disagree with the message of the demonstrators" makes the ordinance *per se* unconstitutional. **[Id. at 671-72]** Lastly, Plaintiffs argue that the Picketing Ordinance's 30 day requirement for seeking a permit and the extensive demonstration plan required in order for a group to seek to demonstrate violates

their First Amendment rights because it is not narrowly tailored and that this Court correctly determined in its January 10 Order that Cobo Center's complete ban is not reasonable in light of the purpose served by the forum.

Defendant Cobo Center opposes Plaintiffs' Motion, requesting that this Court deny Plaintiffs' motion for summary judgment and determine, as a matter of law, that Plaintiffs are not entitled to engage in demonstration activities on Cobo Center's "front porch", plaza areas, and stairways leading to the entry doors, as well as the "median." Cobo Center argues that its "'front porch' plaza areas, and stairways leading up to the entry doors of Cobo Center are not a traditional public forum," and that it has "reasonably restricted demonstration activities in this area." **[Docket No. 58, Pg ID 752]** Defendant Cobo Center asserts that the Ordinance "does not give unbridled authority to Cobo Center to determine whether to issue a license to allow demonstration activities inside Cobo Center" but "only reserves the right to deny a Demonstration Plan when it is contrary to the Authority's business activities during the planned Demonstration Activities, which shall include, but not be limited to, the activities of any Authority contractors working at Cobo Center, as well as the Authority's customers and clients that have been issued a License for use of the Cobo Center." **[Id. at 759, 760]**

Though Cobo Center claims that "ordinance only needs to be reasonable in light of the purpose of the forum," Defendant states that even if strict scrutiny was

8

the appropriate test to apply, the ordinance passes strict scrutiny because the restrictions are "narrowly tailored to serve a significant government interest of public safety and leave open ample alternative channels of communication." **[Id. at 760, 761]** Cobo Center argues that the Ordinance is in place "to protect the public safety and security" and that it has "a compelling reason to restrict Plaintiffs, and other groups, from engaging in demonstration activities in these limited space, high traffic areas." **[Id. at 762]** Defendant contends that the ordinance is narrowly tailored to serve the governmental interest because demonstrations are still allowed to take place on the public sidewalk on the west side of Washington Boulevard between Jefferson Ave and Congress Ave directly adjacent to the building and that restricting the use of the "front porch" and the median in question is within their right as they are not public forums.

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). The Court must consider the admissible evidence in the light

most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

On January 10, 2014, this Court entered an Order Granting Plaintiffs' second Motion for Temporary Restraining Order, regarding the 2014 Auto Show. **[Docket No. 48]** In that order, like in the Court's first order, the Court determined that

Plaintiffs' motion satisfied the requirements necessary to issue a temporary restraining order. Specifically, the Court determined that Plaintiffs made an adequate showing that they would be "irreparably harmed absent a temporary restraining order" because the area surrounding Cobo Center blends into the public sidewalk and there appears to be no way to distinguish Defendant Cobo Center's alleged private property from public streets. The Court determined that this "blending" includes the plaza area as well as the stairway and that Cobo Center did not provide the Court with any documentation to show a demarcation that sets these areas apart from the public sidewalk. *See United Church of Christ v. Gateway Econ. Dev. Corp. of Greater Cleveland, Inc.*, 383 F.3d 449, 452 (6th Cir. 2004) (finding that the privately owned sidewalk surrounding a church was a public forum when the sidewalk "blend[ed] into the urban grid, borders the road, and looks just like any public sidewalk" and was public thoroughfare.). For these reasons, the Court was satisfied that the plaza area is a "public forum" for purposes of First-Amendment protection. The Court was also satisfied that the stairway, though connected and leading directly into the Cobo Center, was a "public forum" as related to Plaintiffs' ability to exercise their First Amendment rights in this area. In the instant Motion, the Court must now, viewing the facts in the light most favorable to the nonmoving party, determine if there is a 'genuine' dispute as to those facts.

As stated previously by this Court, a content-based regulation on speech in a traditional public forum must pass strict scrutiny and will be invalidated unless the government is able to show that the regulation is necessary to satisfy a compelling interest and is narrowly tailored to meet that interest. *Perry*, 460 U.S. at 45; *Cornelius v. NAACP Legal Defense Fund & Educ. Fund, Inc.,* 473 U.S. 788, 800 (1985). Content-neutral regulations, which regulate the time, place, and manner of speech, are appropriate if they are narrowly tailored to achieve a significant government interest and leave open alternative channels of communication. *Id.* It appears that the regulation in this case is content-neutral as the Court has no reason to believe that Plaintiffs are the only citizens required to comply. However, the Court is satisfied that genuine issues of material fact exist as to whether Defendants' proposed regulation of the space "leave[s] open alternative channels of communication" and whether the regulation is "narrowly tailored to achieve a significant government interest."

Further, assuming, arguendo, that the plaza area and stairways leading to the entry doors are not "public fora" for First Amendment purposes, the Court is also satisfied that genuine issues of material fact exist as to whether Defendants' proposed restrictions are reasonable. Although "[c]ontent-based restrictions on speech in public and designated public fora are subject to strict scrutiny," *Helms v. Zubaty*, 495 F.3d 252, 256 (6th Cir. 2007)—a test that would not apply

here—"[t]he government may lawfully restrict speech in a nonpublic forum so long as the restrictions are viewpoint neutral and *reasonable in light of the purpose served by the forum*." *Id.* at 257 (emphasis added). For rules that restrict speech in nonpublic fora, the Court "appl[ies] the traditional time-place-and-manner test to the regulation." *Jobe v. City of Catlettsburg*, 409 F.3d 261, 267 (6th Cir. 2005) (citing *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 808, 815 (1984)). "To qualify as a reasonable time-place-and-manner regulation of speech, the [restriction] must (1) be content-neutral, (2) serve a significant government interest, (3) be narrowly tailored to serve that government interest and (4) leave open ample alternative channels of communication." *Id.* Though the Court is persuaded that Defendants' restriction could be viewed as content-neutral, the Court determines that viewing the facts in the light most favorable to the Defendant (the non-moving party), the restriction may serve a government interest which the Court views as public safety and, for purposes of this motion, could be viewed as "narrowly tailored" to serve that government interest and leave open ample alternative channels of communication.

### III. CONCLUSION

In a letter dated January 6, 2014, Defendant City of Detroit stated that it "had no intention of prohibiting demonstrations on the public sidewalks at this year's Auto Show . . . ." **[Pl. Reply at Ex. 7]** The Court recognizes that "[c]ertain

limitations might be appropriate if the demonstrators were to block ingress or egress, create a dangerous condition or incite violence," but as noted by the City, there is no reason to believe that this is Plaintiffs' intention. The Court determines that the areas of requested access, namely the sidewalk on the west side of Washington Boulevard adjacent to the Cobo Center, the exterior public plazas including the stairway, and the sidewalks between the City sidewalk and the Cobo Center building are "public fora." Further, even if the Court deems the areas outside of the sidewalk on the west side of Washington Boulevard adjacent to the Cobo Center as "non-public fora," the Court is unpersuaded that Defendants' proposed restriction is reasonable because the Court is not convinced that Plaintiffs' proposed actions pose the "legitimate concern for public safety and security during the auto show" that Defendants purport.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment **[Docket No. 56, filed January 27, 2014]** is **GRANTED** in part and **DENIED** in part.

Plaintiffs' Motion is **GRANTED** as to Plaintiffs' First Amendment right to demonstrate on the sidewalk on the west side of Washington Boulevard adjacent to the Cobo Center, an area which the parties have agreed is a "public forum."

Plaintiffs's Motion is **DENIED** as to Plaintiffs' First Amendment right to demonstrate on the exterior public plazas and sidewalks between the City sidewalk

and the Cobo Center building stairways leading up to the entry door as there remain genuine issues of material fact surrounding the restrictions placed on these areas.

**IT IS FURTHER ORDERED** that Defendants' Counter-Motion for Summary Judgment **[Docket No. 58, filed February 17, 2014]** has not been addressed for Defendants' failure to comply with Rule 5(e) of the Eastern District of Michigan's Electronic Filing Policies and Procedures which states in part that "a response or reply to a motion must not be combined with a counter-motion."

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager